(90 South. 366)

No. 24700.

STATE ex rel. HANSEN v. E. W. WELRICH GLASS CO., Inc., et al.

In re E. W. WELRICH GLASS CO., Inc., et al.

(Nov. 28, 1921. Rehearing Denied Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

Mandamus ⟨⟩ 187(8)—Where plaintiff obtained mandamus to compel transfer of share of stock, appeal improperly dismissed.

Where plaintiff obtained judgment in mandamus to compel defendant to transfer to plaintiff one share of defendant's corporate stock the value of which was not shown, and after motion to dismiss defendant's appeal to the Court of Appeals was filed each party offered an affidavit of its value, the two conflicting, and the court held that the order fixing suspensive appeal bond at amount stated in plaintiff's affidavit controlled as to value, although bond was given for twice such amount, and dismissed the appeal, *held* on certiorari that the appeal should be reinstated, and cause remanded to the trial court to take evidence as to value of stock.

Dawkins and Overton, JJ., dissenting.

Application by the State, on the relation of Karl Hansen for mandamus, against the E. W. Welrich Glass Company, Inc., and others to compel a transfer to plaintiff of a share of stock in the defendant corporation. Judgment for plaintiff, and the defendants appealed to the Court of Appeals where plaintiff's motion to dismiss for lack of jurisdiction ratione materiæ was sustained and the appeal dismissed, and the defendants apply for writs of certiorari or review. Judgment of Court of Appeals dismissing case reversed, and case remanded to trial court for taking testimony as to value of said stock, in order that the motion to dismiss the appeal may be disposed of upon such testimony.

J. Studebaker Lucas and Merrick & Schwarz, all of New Orleans, for applicant E. W. Welrich Glass Co.

Charles J. Rivet, of New Orleans, for respondent Hansen.

LAND, J. Plaintiff sought by mandamus to compel defendant to transfer to his name a share of stock in defendant corporation of the alleged par value of $100. There was judgment in his favor in the trial court, and defendants appealed to the Court of Appeals for the parish of Orleans. In the latter court plaintiff moved to dismiss the appeal for the alleged lack of jurisdiction ratione materiæ.

The motion was sustained, and the appeal dismissed. The record is before us on writ of review.

## Opinion.

After the motion to dismiss was filed, defendants offered affidavits showing that the book value of the stock was $137.17, but did not disclose the date of such valuation, while plaintiff filed a counter affidavit that the stock was worth not more than $100. The Court of Appeals considered both affidavits, and held that, in effect, one offset the other, but that plaintiff's affidavit was corroborated, as stated by the organ of the court, by the fact that appellant had given bond for a suspensive appeal for only $100, and thereby conceded that the amount in dispute was less than $100. However, examination of the record shows that, while the order of the trial court fixed the suspensive bond at $100, the amount of the bond actually given was $200, and that the Court of Appeals was misled by that circumstance; but on rehearing the court held that the order controlled, and that, in so far as the bond exceeded the amount named in the order, it was ineffective.

We have concluded that the proper disposition of the case would be for the Court of Appeals to reinstate this case on its docket, and to remand same to the trial court for the purpose of taking testimony to determine the value of this stock, so that the motion to dismiss the appeal may be properly disposed of.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeals for the parish of Orleans dismissing this case be, and the same is hereby, annulled, avoided, reversed, and it is now ordered, adjudged, and decreed that this case be remanded to the trial court for the purpose of taking testimony as to the value of said stock in order that the motion to dismiss the appeal in this case may be disposed of upon such testimony and in due course.

DAWKINS and OVERTON, JJ., dissent.